UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE PRECINCT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV2391 SNLJ |
| | ) | |
| MWS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiff's motion for default judgment and defendant's second motion for leave to file answer out of time. The motions have been briefed and are ripe for disposition. For the following reasons, plaintiff's motion will be denied and defendant's motion will be granted.

**I.    Background**

Defendant was served on December 3, 2013 and filed a timely motion to dismiss on December 24, 2013. This Court denied the motion on March 26, 2013. Defendant was then obligated to file a responsive pleading within fourteen days. On April 18, 2014, plaintiff filed its motion for default judgment against defendant pursuant to Federal Rule of Civil Procedure 55(b)(2) based on defendant's failure to file an answer or other responsive pleading. On April 22, 2014, defendant filed its answer and a motion for leave to file its answer out of time. Because defendant's motion failed to state grounds under Federal Rule of Civil Procedure 6(b) governing late filings, this Court denied the motion on May 9, 2014 and ordered the answer stricken. On that same date, defendant

filed a second motion for leave to file its answer out of time with its proposed answer attached.

## II. Motion for Default Judgment

Plaintiff's motion for default judgment must be denied on the basis that an entry of default from the Clerk of the Court pursuant to Rule 55(a) is a prerequisite to and must precede the grant of a default judgment under Rule 55(b). *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir.1998). Further, for the reasons set forth below, the Court would deny the default because it will allow the late filing of defendant's answer.

## III. Second Motion for Leave to File Answer Out of Time

Defendant seeks to file its answer out of time on the basis of excusable neglect under Rule 6(b). Defendant's stated reasons for the delay in filing its answer include a mistaken belief as to the due date and the press of other business of counsel for defendant, who is a sole practitioner. Defendant intended to file its answer within thirty days from the denial of its motion to dismiss and did not deliberately disregard the due date for the filing. Defendant asks this Court to consider and balance the equities of the prejudice it would suffer if not allowed to answer and that plaintiff has not suffered any prejudice by the brief delay. Additionally, defendant points out that the delay would have only minimal impact on the proceedings as the Court has not yet set this matter for a discovery schedule or trial.

Rule 6(b) authorizes courts to accept late filings where the failure to timely file is the result of "excusable neglect." Fed.R.Civ.P. 6(b). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant

circumstances surrounding the party's omission.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993)). "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Id.* (quoting *Pioneer Inv. Services Co.*, 507 U.S. at 392). In making this determination, the Court considers a number of factors, including (1) the possibility of prejudice to the non-moving party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the party acted in good faith. *Id.*

Here, the equitable factors weigh in favor of allowing the late filing of the answer. First, it is clear that defendant's failure to file an answer was not a result of bad faith, but instead an inadvertent oversight. Defendant was clearly actively litigating this matter. It had filed a motion to dismiss and intended to file an answer. Defendant promptly filed a motion for leave to file its answer out of time once it became clear counsel was mistaken as to the due date of the answer.

Second, the delay was insignificant. Following the denial of the motion to dismiss on March 26, 2014, defendant's answer was due on April 9, 2014. Plaintiff filed its motion for default on Friday, April 18, 2014 at 4:00 p.m. In response, defendant filed its motion for leave to file its answer out of time on Tuesday, April 22, 2014 at 8:30 a.m. Thereafter, when the Court denied the motion for leave on May 9, 2014 for failure to comply with Rule 6(b), defendant filed its second motion seeking leave to file its answer

3

out of time less than two hours after the Court's ruling. Defendant has acted diligently and in good faith in its attempt to rectify its error in the late filing of its answer.

Further, at this early stage of the litigation, there is no apparent impact on the proceedings or prejudice to plaintiff caused by the delay. *See Zzipline, LLC v. Solutions Group, Inc.*, 4:12CV994 JAR, 2012 WL 3150584, at *2 (E.D. Mo. Aug. 2, 2012) (denying motion for entry of clerk's default and granting motion for leave to file reply to counterclaims out of time where reply was filed 23 days after the deadline). Indeed, allowing the late filing of the answer is supported by the fact that defendant has a meritorious defense as evidenced by the pleadings in support of its motion to dismiss and the proposed answer filed with the instant motion. If this Court were to deny defendant leave to file its answer out of time, it would impose on defendant a severe penalty. This is particularly true where plaintiff has suffered no prejudice from the delay. Such a result would contravene "the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process." *Chorosevic*, 600 F.3d at 947 (internal quotations and citation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment (ECF #12) is **DENIED** and defendant's second motion for leave to file answer out of time (ECF #17) is **GRANTED**.

Dated this 28th day of July, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE