UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE PRECINCT, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) No. 4:13-CV-2391 RLW |
| v. | )<br>) |
| MWS, LLC, | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel and Memorandum in Support (ECF No. 26) and on the parties' proposed protective orders. (ECF Nos. 32 and 33). In accordance with the forgoing, the Court grants Plaintiff's Motion to Compel, and enters Plaintiff's proposed protective order

### DISCUSSION

**I.  Motion to Compel**

In Plaintiff's Motion to Compel and Memorandum in Support ("Motion to Compel"), Plaintiff states that Defendant's discovery responses were due on or before October 27, 2014, or at the latest, November 7, 2014. (ECF No. 26).[1] By failing to provide timely discovery responses, Plaintiff contends that Defendant has waived all objections and Defendant should provide full and complete responses to Plaintiff's Interrogatories and Production Requests without objection. (ECF No. 26)(citing Fed.R.Civ.P. 33(b)(4)("The grounds for objecting to an

---

[1] Plaintiff served its discovery requests after the parties had their Federal Rule 26(f) conference but prior to the entry of the Case Management Order. Defendant claimed that its responses were not due until 30 days after the Rule 16 Conference. In any event, Defendant did not provide discovery responses within either of these timeframes, given that it first produced documents on December 4, 2014.

interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Schembre v. AGR Const. Co.*, No. 4:06-CV-943 (CEJ), 2007 WL 3268443, at *1 (E.D. Mo. Nov. 2, 2007)("By failing to timely respond, defendants have waived all objections and will be directed to produce all documents listed in the Notice of Deposition.").

In response to the Motion to Compel, Defendant stated that Plaintiff's Motion to Compel is "essentially correct" and failed to provide any reason for the delay in providing the discovery responses. (ECF No. 29 at 1). Instead, Defendant simply said that granting it leave to file its discovery responses out of time was "required in the interests of substantial justice." (*Id.*).

In reply, Plaintiff notes that Defendant has failed to demonstrate good cause for filing its discovery responses out of time and, in any event, that the discovery responses are incomplete. (ECF No. 34 (citing Fed.R.Civ.P. 6(b)).[2]

The Court will allow Defendant to file its discovery responses, but holds that Defendant has waived any objection to Plaintiff's discovery responses by filing them out of time and without providing good cause. Further, although Defendant claims that Plaintiff has suffered no prejudice, the Court notes that this case was originally filed in November 2013. Based upon the protracted nature of this litigation, it is imperative that the parties act with due diligence in prosecuting and defending this action in order to have a timely resolution of this dispute. Therefore, the Court holds that Plaintiff has been prejudiced by Defendant's delay in providing

---

[2] In its reply, Plaintiff asks the Court to order Defendant to show cause why it "should not be ordered to pay Plaintiff's fees and expenses, including attorney's fees, incurred as a result of Defendant's continuing failure to comply with its discovery obligations under the Federal Rules of Civil Procedure." While the Court will not issue such an order at this time, the Court warns Defendant that if it fails to provide full and complete answers to Plaintiff's discovery requests and causes Plaintiff to file another motion to compel, then the Court will strongly consider such sanction.

discovery responses. The Court orders Defendant to provide amended discovery responses without any objections, except those based upon privilege, no later than December 29, 2014.

Additionally, the Court finds that Plaintiff's discovery responses are woefully incomplete. For example, Defendant claims that it has no documents showing "any expenditures that you or any licensees have made on advertising or promotion of products or services bearing the term 'precinct' for each month that you have used the term 'precinct.'" (ECF No. 30 at 7). The Court finds it difficult to believe that Defendant has spent no money on advertising or products that utilize the term "precinct." Thus, the Court asks Defendant to revisit its discovery responses to assure that it has provided full and complete answers and responses. Defendant shall provide any amended answers and responses no later than December 29, 2014.

## II.   Protective Order

Plaintiff provided Defendant with a draft protective order two months ago—on October 15, 2014. (ECF No. 34 at 5). As of December 4, 2014, when Defendant finally responded to Plaintiff's discovery requests, the parties still had not reached an agreement. In fact, Defendant stated in its response to the Court's show cause order that Defendant did not produce several documents because the parties did not have a protective order in place. *See, e.g.*, ECF No. 29, ¶7. In order to expedite discovery in this matter, on December 5, 2014, the Court ordered Plaintiff to file its proposed protective order with the Court, and for Defendant to "file any objections or changes to Plaintiff's proposed order within 5 days of Plaintiff filing its proposed protective order." (ECF No. 31). On that same day, Plaintiff provided the Court with its proposed protective order. (ECF No. 32). In contravention of the Court's December 5, 2014 Order, Defendant did not provide any objections or changes to Plaintiff's proposed order, but instead filed a "Stipulated Protective Order" on December 10, 2014. (ECF No. 33). Despite its

title and the introductory paragraph, the Stipulated Protective Order was not agreed to by Plaintiff.

The Court will enter Plaintiff's proposed protective order. The Court first notes that Defendant did not comply with the Court's Order for Defendant to provide objections and changes to Plaintiff's proposed protective order. That is, Defendant failed to provide any specific reason for the Court not to enter Plaintiff's seemingly standard and reasonable protective order. Second, the Court finds that Plaintiff's protective order is not unduly burdensome to the parties and is similar to other protective orders entered by this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel and Memorandum in Support (ECF No. 26) is **GRANTED**. Defendant shall provide amended answers and responses to Plaintiff's discovery requests no later than **December 29, 2014**. The Court also enters Plaintiff's proposed protective order (ECF No. 32).

Dated this 8th day of December, 2014.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**